WEST UNION, Appellee,

v.

BRODT, Appellant.

[Cite as *W. Union v. Brodt,* 171 Ohio App.3d 434, 2007-Ohio-2742.]

Court of Appeals of Ohio,
Fourth District, Adams County.

No. 06CA829.

Decided June 1, 2007.

Cecelia J. Potts and Patrick L. Gregory, for appellee.

Charles H. Wilson Jr., for appellant.

KLINE, Judge.

{¶ 1} Randy Brodt, President of the Adams County Building & Loan Company, appeals his 13 convictions for tax evasion in violation of the village of West Union Ordinance No. 2005–1, Section 12(A)(4), a misdemeanor of the third degree. On appeal, Brodt contends that insufficient evidence supports his convictions. Because, after viewing the evidence in a light most favorable to the state, we cannot find that any rational trier of fact could have found the essential elements of the offense of tax evasion proven beyond a reasonable doubt, we agree. Accordingly, we sustain this part of Brodt's first assignment of error, find all of his remaining arguments moot, vacate all of his 13 convictions, and order the trial court to release Brodt.

I

{¶ 2} In January 2005, the village of West Union passed an emergency ordinance that imposed a municipal income tax on residents and workers within the village. This ordinance required employers to withhold and remit their employees' income tax to the village. In addition, the ordinance held corporate officers vicariously liable for failing to withhold and remit the taxes. The ordinance stated that violators would be guilty of a third-degree misdemeanor and subject to a fine of not more than $500.

{¶ 3} During the relevant times of this action, Brodt was a director and the chief executive officer ("CEO") of the Adams County Building & Loan Company. Brodt, with the consent of various other officers and directors, decided not to withhold income tax from the bank's employees. He (and the others) apparently believed that the ordinance was invalid, and therefore, compliance was unnecessary. In July 2005, the bank began to receive notices from the village that it had not withheld and remitted its employees' income taxes as required by the ordinance.

{¶ 4} Brodt stated that on December 12, 2005, the village served him with a copy of a complaint that it had filed in mayor's court. The complaint alleged that Brodt failed to withhold the bank's employees' income taxes from January 2005 through June 2005. Upon Brodt's request, the mayor's court transferred the case to the Adams County Court. On January 19, 2006, Brodt waived his right to a speedy trial. On March 13, 2006, the village entered a nolle prosequi without court approval.

{¶ 5} The village then filed 13 separate complaints against Brodt in mayor's court on the same day, i.e., March 13, 2006. These complaints alleged that Brodt

failed to withhold the proper income tax beginning February 2005 through February 2006. Unlike the dismissed complaint, each complaint involved a one-month period. The village also served Brodt on March 13, 2006.

{¶ 6} The 13 complaints involved the old charges plus new charges. The first five complaints overlapped the previous charge for the months February through June 2005. The next five complaints involved charges for the months July through November 2005, which alleged offenses existed when the village filed the original December 2005 complaint that it later dismissed. And, the final three complaints alleged new charges for the months December 2005 through February 2006.

{¶ 7} The mayor's court transferred these 13 complaints to the Adams County Court on April 5, 2006. On April 13, 2006, Brodt filed a motion to dismiss five of the complaints, i.e., the July through November charges. He claimed that the state denied him his constitutional right to a speedy trial. At the April 21, 2006 pretrial, Brodt waived his right to a speedy trial with regard to the 13 complaints but maintained his right to continue arguing that a speedy-trial violation occurred prior to April 21, 2006.

{¶ 8} Later, Brodt filed another motion to dismiss, stating that he could not be held liable as an employer under the provision charged because he was just a corporate officer, not an employer. The trial court denied the motion. The matter proceeded to a jury trial.

{¶ 9} At trial, the parties stipulated that (1) Brodt was a director, officer, and president of the bank, i.e., Adams County Building & Loan Company; (2) the bank had employees but that the bank did not withhold the village income tax from their wages; (3) Brodt was the CEO and responsible for the overall and day-to-day operations of the Bank; and (4) the village filed the ordinance in question in the Adams County law library, as required by law.

{¶ 10} The jury returned guilty verdicts on all 13 charges. Brodt moved for a new trial, which the trial court denied.

{¶ 11} Brodt appeals and asserts three assignments of error: I. "The verdict of the jury and the judgment of the court convicting the Defendant of 13 charges as well as the court's overruling of Defendant's motion for a new trial are against the weight of the evidence and are contrary to law." II. "The trial court erred in instructing the jury on the liability of the Defendant as an employer to withhold tax on his employees and remit it to the Village when the Defendant was not an employer, but an officer of an employer." And, III. "The trial court erred when it overruled the motion of the Defendant to dismiss 5 of the 13 complaints against him for a violation of his constitutional right to a speedy trial."

II

{¶ 12} Brodt contends in his first assignment of error that "the evidence before the Court and The Jury was insufficient to convict the Defendant of the charges brought against him." We agree.

{¶ 13} The function of an appellate court, when reviewing a case to determine whether the record contains sufficient evidence to support a criminal conviction, "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Smith,* Pickaway App. No. 06CA7, 2007-Ohio-502, 2007 WL 357274, ¶ 33, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶ 14} The sufficiency-of-the-evidence test "raises a question of law and does not allow us to weigh the evidence." *Smith* at ¶ 34, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. Instead, the sufficiency-of-the-evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Smith* at ¶ 34, citing *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." *Smith* at ¶ 34, citing *State v. Thomas* (1982), 70 Ohio St.2d 79, 79–80, 24 O.O.3d 150, 434 N.E.2d 1356; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

{¶ 15} Ordinance No. 2005–1, Section 12(A)(4), provides that any *person* who shall "fail, neglect, or refuse to withhold tax from his employees and remit such withholding tax to the Tax Commissioner" shall be guilty of tax evasion, a misdemeanor of the third degree.

{¶ 16} Here, the parties disagree on the meaning of the word "person" as used in the above ordinance. Brodt maintains that "person" means "employer," and the bank is the employer, not him. Brodt apparently believes that the village should have charged him under section 12(A)(10) of the same ordinance, which provides that any person who shall "fail, as an officer or resident manager of a corporation," to remit the income tax "to the Municipality in accordance with the provisions of section 6 hereof" is guilty of tax evasion, a misdemeanor of the third degree. The village claims that "person," as used in the charged ordinance,

means "an officer of a corporation" as defined in section 12(D) of the same ordinance.

{¶ 17} For purposes of this opinion, we will first assume, without deciding, that the village is correct, i.e., that the word "person" means "an officer of a corporation."

{¶ 18} The village presented evidence, through a stipulation, that Brodt was an "officer" of the bank. However, the village did not present any evidence to show that the bank was a "corporation," as defined under the ordinance. The village failed to establish that Brodt was an officer of a corporation with more than nine shareholders, as contemplated by the ordinance. Section 2 of the ordinance defines corporation as "having ten or more shareholders organized under the laws of the United States, the State of Ohio, or any other state, territory, or foreign country or dependency."

{¶ 19} In addition, if we next assume, without deciding, that the word "person" means "employer," as asserted by Brodt, then the village also did not establish that Brodt was an employer. Section 2 of the ordinance defines "employer" to mean "[a]n individual, partnership, association, corporation, governmental body, unit, or agency, or any other entity, whether or not organized for profit, who or that employs one or more person[s] on a salary, wage, commission, or other compensation basis."

{¶ 20} Here, the parties stipulated that the bank, not Brodt, "had employees." Hence, we find that there is insufficient evidence to show that Brodt was the employer.

{¶ 21} Therefore, insufficient evidence supports the essential element of "person" using either the village's definition or Brodt's definition of this word. Consequently, after viewing the evidence in a light most favorable to the prosecution, we cannot find that any rational trier of fact could have found the essential elements of the crime of tax evasion proven beyond a reasonable doubt.

{¶ 22} Accordingly, we sustain this part of Brodt's first assignment of error, find all of Brodt's remaining arguments moot, vacate Brodt's 13 convictions for tax evasion, and remand this cause to the trial court with the instruction to release the defendant.

Judgments vacated
and cause remanded.

MCFARLAND and ABELE, JJ., concur.